1

2

3

FILED
CLERK, U.S. DISTRICT COURT

DEC - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   FANNIE MAE, ET AL.,                    )   CASE NO. CV 12-9566 UA (DUTYx)
                                            )
11                       Plaintiffs,        )   ORDER SUMMARILY REMANDING
                                            )   IMPROPERLY-REMOVED ACTION
12          vs.                             )
                                            )
13   ESPERANZA R. SOTO, ET AL.,             )
                                            )
14                       Defendants.        )
                                            )
15   _____)

16

17          The Court remands this unlawful detainer action to state court summarily

18   because defendant Esperanza Soto ("Defendant") removed it improperly.

19          On November 8, 2012, Defendant, having been sued in what appears to be a

20   routine unlawful detainer action in California state court, lodged a Notice of Removal

21   of that action to this Court and also presented an application to proceed *in forma*

22   *pauperis*. The Court has denied the latter application under separate cover because

23   the action was not properly removed. To prevent the action from remaining in

24   jurisdictional limbo, the Court issues this Order to remand the action to state court.

25          Simply stated, Plaintiff could not have brought this action in federal court in

26   the first place, and Defendant does not competently allege facts supplying either

27   diversity or federal-question jurisdiction. Therefore, removal is improper. 28 U.S.C.

28   § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.

1  Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists,

2  the amount in controversy does not exceed the diversity-jurisdiction threshold of

3  $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer

4  complaint recites that the amount in controversy does not exceed $10,000. Nor does

5  Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C.

6  §§ 1331, 1441(b).

7       Defendant is further notified and warned that any subsequent attempts to

8  remove the underlying state unlawful detainer action to this Court will be improper

9  and will constitute vexatious conduct that the Court will address by way of punitive

10  remedial measures, which may include having Defendant designated as a vexatious

11  litigant and barred from commencing any further removal actions with respect to the

12  underlying state unlawful detainer action.

13       Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

14  Superior Court of California, County of Los Angeles, 7339 South Painter Avenue,

15  Whittier, California 90602, for lack of subject matter jurisdiction pursuant to 28

16  U.S.C. § 1447(c); (2) that the clerk send a certified copy of this Order to the state

17  court; and (3) that the clerk serve copies of this Order on the parties.

18

19       IT IS SO ORDERED.

20

21  DATED: December 5, 2012

22  _____

23          DEAN PREGERSON
        ACTING CHIEF JUDGE

24

25

26

27

28